a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANKIE GONZALEZ #19765-050, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00658 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHRIS MCCONNELL ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Frankie Gonzalez ("Gonzalez"). Gonzalez is a prisoner in the custody of the Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Gonzalez challenges his continued detention.

Because Gonzalez cannot proceed under § 2241, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. Background

In 1996, Gonzalez was convicted of conspiracy under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), and conspiracy to distribute heroin. *United States v. Gonzalez*, 96-CR-114 (D. N.J.). He was sentenced to two concurrent terms of life imprisonment. According to the district court:

> At the top level of a major heroin distribution organization since its inception in 1992. An organization which employed guns and violence and had a government informant murdered. A plan which defendant

1

> knew. Defendant participated in all aspects of the organization and, for a significant period of time, was its organizer and leader.

*See United States v. Gonzalez*, 10-2954 (3rd Cir. 11/18/10).[1] The United States Court of Appeal for the Third Circuit affirmed the conviction and sentence, and the Supreme Court denied certiorari. *Gonzalez v. United States*, 525 U.S. 1029 (1998).

In 1999, Gonzalez filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was dismissed as untimely. The Third Circuit denied certificate of appealability in August 2001. *Gonzalez v. United States*, No. 99-5800 (D. N.J.), ECF Nos. 9, 10, 19.

In 2008, Gonzalez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), which was denied. The Third Circuit affirmed. *United States v. Gonzalez*, 401 F. App'x 727 (3d Cir. 2010).

Gonzalez filed a Motion for Clarification in 2013 asking the convicting court to clarify whether it had subject matter jurisdiction to convict him of RICO conspiracy. *Gonzalez*, 2020 WL 4364293, at *1. The court construed the Motion for Clarification as an unauthorized successive § 2255 motion and dismissed it. *Id.*

In 2015, Gonzalez filed a Motion for Modification of Sentence, which was also denied. *Id.*

In 2017, Gonzalez filed a § 2241 petition in the Middle District of Pennsylvania, claiming that he is "'Actually Innocent' of his 18 U.S.C. § 1962(d) RICO Conspiracy and 21 U.S.C. § 846 convictions" in light of the United States Supreme Court case of *Rosemond v. United States*, 572 U.S. 65 (2014). *See Gonzalez v. Baltazar*, No. 17-

---

[1] Gonzalez's total offense level was 45 and his criminal history category was III. Thus, his applicable range for imprisonment was life. *See Gonzalez*, 96-CR-114 (D. N.J.), ECF No. 682 at 4 (citing U.S.S.G. Chapter 5, Part A).

759, 2017 WL 2175804 (M.D. Pa. 2017). Gonzalez claimed that he was convicted of an act that the law no longer makes criminal. The petition was dismissed for lack of jurisdiction. *Id.*

In 2018, Gonzalez filed another § 2255 motion in the District of New Jersey seeking to vacate, set aside, and correct his sentence. *Gonzalez v. Baltazar*, 96-CR-114, 2018 WL 6303826, at *1 (D. N.J. 2018). He claimed he was "actually innocent" of his RICO conspiracy and heroin convictions under *Rosemond* and *Montgomery v. Louisiana*, 577 U.S. 190 (2016). The court found that Gonzalez could not meet the standard for bringing a second or successive petition, and dismissed for lack of jurisdiction. *Id.*

In this § 2241 motion, Gonzalez alleges that his continued confinement is unlawful because he was not convicted for murder and the BOP has not produced any record of a murder conviction. Thus, Gonzalez alleges that the BOP cannot rely on a "nonexistent murder conviction" to enforce a life sentence. ECF No 1-2 at 41.

## II. Law and Analysis

Generally, a federal prisoner may challenge his conviction under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered

3

without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause of 2255(e) allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 via the savings clause, the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it

4

at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; Jeffers, 253 F.3d at 830).

Gonzalez claims that the BOP cannot enforce a life sentence because he was not convicted of murder. ECF No. 1-2 at 41. In responding to Gonzalez's grievances, the BOP informed Gonzalez that he was sentenced to concurrent life sentences for the RICO and heroin offenses, and thus the BOP is simply enforcing the sentence. Gonzalez cannot be released prior to the end of the term. ECF No. 1-2 at 46, 49.

Gonzalez does not allege any error in the BOP's calculation of his sentence. He is actually challenging the legality of the life sentence. Thus, Gonzalez's claim arises under § 2255. Because Gonzalez has previously filed a § 2255 motion, he can only proceed under § 2241 if he meets the requirements of the savings clause. However, Gonzalez does not raise the savings clause or suggest that his conviction is unlawful under any retroactively applicable Supreme Court decision.

### III.  Conclusion

Because Gonzalez cannot proceed under § 2241, IT IS RECOMMENDED that his Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Gonzalez's claim.[2]

---

[2] *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, May 23, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE